### No. 145
### SECOND NAT. BANK v. RENICK

Ohio Appeals, 4th Dist., Pickaway Co.
Decided Dec. 30, 1924.

419.   DOWER—Widow joining in mortgage with husband held not restricted to share in surplus after mortgage paid but entitled to full dower rights subject only to mortgage.

MAUCK, J.

Epitomized Opinion
Published only in Ohio Law Abstract

Snyder, as assignee, brought action in the Probate Court to sell certain lands of the assignor to pay debts. Florence Renick, wife of the assignor, filed an answer asserting her right of dower and asking that its value be paid her out of the proceeds of sale. The land

was subject to two mortgages both of which were signed by the wife; neither of them were purchase money mortgages. The property was sold free of lien and free of dower. The Second National Bank of Circleville was a judgment creditor. The land sold for $68,000. It required $47,000 to pay the mortgage liens. Mrs. Renick claimed that the value of her dower was to be calculated upon the whole $68,000. The bank claimed that it should be calculated on only $21,000, the surplus. The probate court and common pleas to which the case was appealed held that she was entitled to the value of her dower based on the selling price of all the land.

In affirming the lower courts, the court of appeals held:

1. Where the mortgage has not been executed for purchase money, the wife's dower being only additional security for the husband's debt, the wife is endowed in the whole property and precluded from no part thereof by anyone except her own mortgage; and not by him if the mortgaged property, excluding the dower, is sufficient to satisfy his claim. Citing with approval **Mandel vs. McClave, 46 O. S. 407** and **Nichols vs. French 83 O. S. 162.**

2. 11124 GC. does not confine the dower right to a surplus arising after the satisfying of mortgage liens.

Attorneys—Charles Dresbach for Bank; Irvin F. Snyder, Milt Morris, for Renick; all of Chillicothe.